FILED
11-17-2010
NOV 17 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHLEEN SMITH, )
)
   Plaintiff, )
)
vs. ) No. 10 C 3826
)
MICHAEL J. ASTRUE, ) The Honorable Milton I. Shadur
Commissioner of the )
Social Security Administration )
)
   Defendant. )

## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT AND ENTRY OF FINAL JUDGEMENT ORDER

1.    Plaintiff, Kathleen Smith, hereby submits her application to the Court for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, alleging that the Defendant's position was not "substantially justified" and Plaintiff is a prevailing party under the EAJA.

2.    Plaintiff applied for Disability Insurance benefits under Title II of the Social Security Act, and was found not disabled by the Administration. Plaintiff went through the administrative appeals process, being found not disabled by an Administrative Law Judge in September 2008. (AR 13-33.) The Appeals Council denied Plaintiff's Request for Review leaving the ALJ's decision as the final decision of the Commissioner.

3.    Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision, and on October 28, 2010 this Court issued an Order remanding Ms. Smith's claim back to the Administration for further proceedings.

4. Under *Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993), Plaintiff is a prevailing party by virtue of this Court's remand order.

5. The position of the United States was not substantially justified. See 28 U.S.C. § 2412(d)(1)(B). The "position of the United States" includes the action of the agency leading the litigation. 28 U.S.C. § 2412(d)(2)(D). Moreover, the burden of proof is on the Government to prove it was "substantially justified" in law and fact at both the administrative and court states of adjudication. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Commissioner, I.N.S. v Jean*, 110 S.Ct. 2316, 2319 n.6 (1990); *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991). Substantial justification means "justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Underwood*, 487 U.S. at 565.

6. In *United States v. Hallmark Construction Company*, 200 F.3d 1076, 1080 (7th Cir. 2000), the Court of Appeals described the substantial justification standard as requiring that the government show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

7. "EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position is not substantially justified. *Id.* Thus, EAJA fees may be awarded where the government's pre-litigation conduct was not substantially justified despite a substantially justified litigation position. Id. A decision by an Administrative Law Judge ("ALJ") constitutes part of the agency's pre-litigation conduct. <u>Golembiewski</u>, 382 F.3d at 724.

8. Where legal error results in reversal of the ALJ's decision and where such legal error is contrary to "clearly established statutory and court precedent, " the Commissioner's position before the agency is not substantially justified").

9. The ALJ's actions were not reasonable and the Government agreed to a Sentence Four remand without argument. The Joint Motion for Remand to the Commissioner found that further administrative proceedings were necessary in order to obtain testimony from a vocational expert and issue a *de novo* decision that complies with the Agency regulations.

10. Given the number and types of errors made by the ALJ, her decision was not substantially justified. Her decision ran directly contrary to requirements of SSR 82-14, 85-15, 00-4p, 96-2p and 02-1p.

11. In the even the Commissioner claims that his position was substantially justified, Plaintiff respectfully reserves the right to respond to all arguments in a reply memorandum because the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

12. Plaintiff moves this Court to grant EAJA fees and costs in the amount of $2725.00 at an hourly rate of $172.50- the hourly rate for October 2010, the month in which the majority of the legal work was performed by counsel in this claim, representing the cost of living adjustments allowed by statute [28 U.S.C. Section 2412 (d)(2)(A)(ii] when employing the "All items" figure provided by the Consumer Price Index. (Exhibit A). The fee agreement between attorney Zivic and the plaintiff is attached as Exhibit B (this agreement assigns payment of any EAJA fee to attorney Zivic).

13. The fees break down, as noted on the itemization of time attached as Exhibit C, as follows: District Court attorneys time – 15.8 hours.

14. The requested fees are reasonable in that they fall within the range of fees frequently awarded in EAJA motions filed within the Seventh Circuit in Social Security disability claims. *See Taylor v. Barnhart*, 2004 WL 1114783 (N.D. Ill. 2004) ($7222.92 awarded); *Barrientos v. Barnhart*, 2004 WL 1381126 (N.D. Ill. 2004) ($11, 711.45 awarded); *Holland v. Barnhart*, 2004 WL 419871 (N.D. Ill.2004) ($8, 049.71 awarded); *Embry v. Barnhart*, 2003 WL 22478769 (N.D. Ill 2003) ($10, 188.96 awarded; *Seamon v. Barnhart*, 2006 WL 517631 (W.D.Wis., 2006), ($12, 191.52 awarded); *Porter v. Barnhart*, 2006 WL 1722377 (N.D.Ill., 2006) 88.2 hours of attorney fees awarded $14, 655.50).

The fees requested in this case are within the range found reasonable in similar disability claims brought for judicial review before this Court, and these matters always require significant analysis and review of the facts.

Given the result achieved for Ms. Smith, Plaintiff suggests that the requested fee is reasonable.

15. Plaintiff also requests compensation for time spent preparing this motion, as allowed under the EAJA. *See Commissioner, I.N.S. v. Jean*, 496 U.S. at 161-64. Representation in this case was contingent and Plaintiff's counsel should be compensated for both attorney and legal/paralegal law clerk time.

16. Plaintiff requests that any EAJA fee award be made payable directly to attorney Jerrold S. Zivic.

WHEREFORE, Plaintiff hereby makes application to the Court for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, payable to Jerrold S.

Zivic, in the total amount of $2725.00 and such additional fees as may be reasonably expended in preparing a reply to any response to this EAJA motion filed by the Commissioner.

Dated: November _11_, 2010          Respectfully Submitted,

                                                     /s/ Jerrold S. Zivic
                                         Jerrold S. Zivic
                                         Zivic Solutions, LTD.
                                         850 W. Jackson Blvd., Suite 405
                                         Chicago, IL 60607
                                         (312) 829-8553

Exhibit A – Consumer Price Index Table.
Exhibit B- Fee agreement between Plaintiff and attorney Zivic.
Exhibit C- Time Itemization by Counsel.



UNITED STATES DEPARTMENT OF LABOR
www.bls.gov   Search: All BLS.gov   for:   Search

Newsroom | Tutorials | Release Calendar

## Bureau of Labor Statistics

Home   Subject Areas   Databases & Tables   Publications   Economic Releases          A - Z Index | About BLS

# Databases

FONT SIZE: ⊖⊕

Change Output Options:   From: 2000 To: 2010

☐ Include graphs

More Formatting Options ➡

Data extracted on: April 14, 2010 (12:24:03 PM)

**Consumer Price Index - Chained Consumer Price Index**

Series Id:   SUUR0000SA0
Not Seasonally Adjusted
Area:         U.S. city average
Item:         All items
Base Period:  DECEMBER 1999=100

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Annual |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 100.3 | 100.9 | 101.6 | 101.6 | 101.7 | 102.1 | 102.3 | 102.3 | 102.8 | 102.9 | 102.8 | 102.6 | 102.0 |
| 2001 | 103.3 | 103.7 | 103.9 | 104.2 | 104.6 | 104.8 | 104.5 | 104.6 | 104.9 | 104.7 | 104.4 | 103.9 | 104.3 |
| 2002 | 104.2 | 104.5 | 105.1 | 105.6 | 105.6 | 105.6 | 105.7 | 106.0 | 106.3 | 106.4 | 106.3 | 106.0 | 105.6 |
| 2003 | 106.5 | 107.3 | 107.9 | 107.7 | 107.5 | 107.6 | 107.7 | 108.2 | 108.5 | 108.4 | 108.0 | 107.8 | 107.8 |
| 2004 | 108.5 | 109.1 | 109.7 | 110.0 | 110.6 | 110.8 | 110.7 | 110.7 | 111.0 | 111.6 | 111.6 | 111.2 | 110.5 |
| 2005 | 111.3 | 111.9 | 112.6 | 113.4 | 113.3 | 113.2 | 113.7 | 114.3 | 115.6 | 115.7 | 114.9 | 114.4 | 113.7 |
| 2006 | 115.2 | 115.4 | 116.0 | 116.9 | 117.5 | 117.7 | 118.1 | 118.3 | 117.8 | 117.1 | 116.9 | 117.0 | 117.0 |
| 2007 | 117.330 | 117.877 | 118.913 | 119.666 | 120.292 | 120.439 | 120.377 | 120.288 | 120.638 | 120.885 | 121.481 | 121.295 | 119.957 |
| 2008 | 121.857 | 122.250 | 123.323 | 124.116 | 125.171 | 126.307 | 126.918 | 126.594 | 126.551 | 125.500 | 123.044 | 121.557 | 124.433 |
| 2009 | 122.155(U) | 122.868(U) | 123.139(U) | 123.494(U) | 123.988(U) | 125.216(U) | 124.933(U) | 125.226(U) | 125.238(U) | 125.359(U) | 125.447(U) | 125.174(U) | 124.353(U) |
| 2010 | 125.626(I) | 125.602(I) | 126.160(I) | | | | | | | | | | |

U : Interim
I : Initial

## Quick Links

**Tools**
At a Glance Tables
Economic News Releases
Databases & Tables
Maps

**Calculators**
Inflation
Location Quotient
Injury And Illness

**Help**
Help & Tutorials
A to Z Index
FAQs
Glossary
About BLS
Contact Us

**Info**
What's New
Careers @ BLS
Find It! DOL
Join our Mailing Lists
Privacy & Security
Linking & Copyright Information

Frequently Asked Questions | Freedom of Information Act | Customer Survey

U.S. Bureau of Labor Statistics 2 Massachusetts Avenue, NE Washington, DC 20212-0001

www.bls.gov | Telephone: (202) 691-5200 | Do you have a Data question?

bls.gov

# FEE AGREEMENT AND RETAINER FOR FEDERAL COURT REPRESNTATION

I hereby retain and employ Jerrold S. Zivic to file a complaint in federal district court for a review of the final decision of the Commissioner of Social Security denying disability benefits to myself and to represent me in all federal court proceedings, including not limited to fling a motion for summary judgment and supporting memorandum. Jerrold S. Zivic or an associate attorney designated by him will draft the brief and/or appear in court on motions before the court.

I, Kathleen Smith, the client agrees to pay a fee for federal court work of twenty five percent (25%) of all past due benefits awarded. Further, I as client agrees that fees are due from past due benefits for the work performed in court, even if the court remands the matter for additional proceedings before the Social Security Administration, and benefits are paid to Client based upon that remanded proceedings.

I understand that if Jerrold S. Zivic obtains a favorable outcome in federal court, including a remand for additional administrative proceedings before the Social Security Administration, he may receive attorneys fees paid by the government under the Equal Access to Justice Act. I as client agree that these fees be payable to Jerrold S. Zivic directly and I assign any interest I may have in these fees.

I understand that Jerrold S. Zivic is only representing me in my claim for social security disability and any other claim that I may have in other areas of the law will not be undertaken by Jerrold S. Zivic and he has rendered no opinion on any such claims and has not undertaken any duty or responsibility with respect to any other potential claim.

No fees is owed out of past due benefits to Jerrold S. Zivic unless benefits are awarded to the client.

I have read this agreement and all questions about this agreement have been answered. I am certifying that this agreement has been fully explained to me and I am voluntarily entering into it. I further state that my net worth is less than two million dollars ($2,000,000.00).

_____  _____
Client                            Jerrold S. Zivic
Dated 7/20/2010

# ASSIGNMENT OF EAJA FEES

I Kathleen Smith of Chicago Heights, Illinois hereby assigns any and all rights to any attorney fees payable under the Equal Access of Justice Act to my attorneys either Jerrold S. Zivic or Matt Edwards, of Zivic Solutions, Ltd. including any costs relating to this case. I hereby consent to the payment of those fees directly to my attorneys and all questions regarding this assignment have been answered to my satisfaction and I am entering into this assignment voluntarily.

Signed: _Ms. Kathleen Smith_

Dated: _September 20/2010_ 20_10_

# EAJA Itemization of Time for Kathleen Smith

## Attorney Designations

JSZ: Jerrold S. Zivic, Attorney
MLE: Matthew L. Edwards, Attorney

6/7/2010- MLE- Met with claimant in office, discussed case. 1 hour.

6/7/2010- JSZ-Claimant met with attorney and completed In Forma Pauperis Petition. .5 hours.

6/15/2010-MLE-Drafted complaint, filed complaint in person, completed civil cover sheet. 1.5 hours.

6/25/2010-MLE-Docketed and reviewed Notice from Judge Shadur. In forma Pauperis is granted. Receipt of summons. 1 hour

6/25/2010-MLE-Prepare summons and certified mail-outgoing. 1 hour.

6/25/2010-MLE and JSZ meet re: status of case. .5 hours.

7/12/2010-MLE-Spoke with Atty Don Lorenzen US Attorney office.
Wanted to introduce himself and indicated we should come up with a briefing schedule prior to the 9/20/10 date and also the 9/6/2010 discussion deadline. .4 hours.

7/15/2010-MLE- Logged in attorney designation from Don Lorenzen filed in district court. .25 hour.

8/23/2010-JSZ- Spoke with US Attorney Lorenzen Re: Briefing schedule. .5

9/9/2010-MLE-Received and reviewed transcript from Court. 1.25 hours.

9/9/2010 –JSZ and MLE- Discuss briefing schedule and strategies. .3

9/14/2010 received message and returned call to Atty Jim Hail concerning possible sentence 4 remand of the case. .5 hour.

9/15/2010-MLE-received email message from Atty Hail concerning time to agree to stipulation. .10 hour.

9/20/2010-JSZ-Meeting with claimant and JSZ Re: remand of case. .8 hour.

9/21/2010 Meeting with JSZ and MLE about remand of case. .4 hours.

9/21/2010 MLE draft new stipulation and email to attorney Jim Hail. .5 hours.

10/8/10-MLE-Reviewed email from Atty Hail regarding stipulation agreement conditions. .2 hours.

10/8/10-MLE and JSZ- Conference Re: stipulations. .3

10/11/10-MLE-Discussed offer from Attorney Hail with MLE. Drafted joint stipulation and emailed to Atty Hail. 1.5 hours.

10/27/10-MLE-Attempted to contact James Hail via phone and email about accepting stipulation. Left message with Douglas Hass of SSA. Atty Hass returned email stating that motion would be forwarded to AUSA for submission. .5 hours.

10/28/10-JSZ-received notice of motion from Donald Lorenzen, discussed with MLE. .4 hours.

11/8/10-MLE- Prepared EAJA itemization of time. .5 hours.

11/9/10-MLE- Drafted EAJA motion. 1.9 hours.

---

TOTAL TIME: 15.8 Hours

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 10 C 3826 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | The Honorable Milton I. Shadur |
| Commissioner of the | ) | |
| Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

Signature of the foregoing document is also certification that a true and correct copy has been hand delivered this _____ day of November, 2010, to:

Mr. Donald Lorenzen
Assistant US Attorney
219 S. Dearborn Street
Chicago, IL 60604.

**Plaintiff's Motion For Attorney's Fees Under the Equal Access to Justice Act**

By: _____
JERROLD S. ZIVIC
Attorney for Plaintiff
850 W. Jackson Blvd, Suite 405
Chicago, IL 60607
(312) 829-8553/Facsimile (312) 229-1653